UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOSEPH R., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 4:19-cv-04255-SLD-JEH |
| | ) |
| ANDREW SAUL, | ) |
| | ) |
|     Defendant. | ) |

ORDER

Before the Court are Plaintiff Joseph R.'s Motion for Summary Judgment, ECF No. 10; Defendant Commissioner of the Social Security Administration Andrew Saul's ("the Commissioner") Motion for Summary Affirmance, ECF No. 14; Magistrate Judge Jonathan E. Hawley's Report and Recommendation ("R&R"), ECF No. 15, recommending that the Court grant Joseph's motion, deny the Commissioner's, and remand for further proceedings; and the Commissioner's objection to the R&R, ECF No. 16.  For the reasons that follow, the objection is OVERRULED, the R&R is ADOPTED, the Motion for Summary Judgment is GRANTED, and the Motion for Summary Affirmance is DENIED.

**BACKGROUND**[1]

**I.    Procedural Background**

In May 2016, Joseph filed applications for disability insurance benefits and supplemental security income ("SSI"), alleging disability beginning June 1, 2015.  His claims were denied initially and upon reconsideration.  Joseph then requested a hearing, which took place before an

---

[1] Judge Hawley's R&R provides a detailed summary of the background of this case and the ALJ's decision.  *See* R&R 1–4.  The administrative record can be found at ECF Nos. 6 and 7.  Citations to the record take the form: R. __.

1

administrative law judge ("ALJ") on May 21, 2018.  At the hearing, Joseph amended the date on which he alleged his disability began to June 21, 2016.  The ALJ issued a decision denying Joseph's claims for benefits on October 31, 2018.  The Appeals Council denied his request for review on October 30, 2019; as such, the ALJ's October 31, 2018 decision is the final decision of the Commissioner.  *See Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009).  Joseph timely filed this suit, seeking judicial review pursuant to 42 U.S.C. § 405(g),[2] Compl. 1, ECF No. 1.  Joseph filed a motion for summary judgment on June 1, 2020, and the Commissioner filed a motion for summary affirmance on August 10, 2020.  The matter was referred to Judge Hawley for a recommended disposition, and he entered an R&R on November 16, 2020.  The Commissioner filed an objection on December 1, 2020.[3]

## II.    ALJ Decision

The ALJ conducted the standard five-step sequential analysis set forth in 20 C.F.R. § 404.1520(a)(4) and 20 C.F.R. § 416.920(a)(4), concluding that Joseph was not disabled during the relevant period.  R. 17.  At step one, he found that Joseph had not engaged in substantial gainful activity since June 21, 2016, the alleged onset date.  R. 19.  At step two, he found that Joseph had the following severe impairments: obesity, chronic obstructive pulmonary disease, sleep apnea, arthritis, neuropathy, and type 2 diabetes mellitus.  R. 19.  At step three, the ALJ found that the severity of Joseph's physical impairments, considered singly and in combination, did not meet or medically equal the criteria of any impairment listed in 20 C.F.R. Part 404,

---

[2] 42 U.S.C. § 1383(c)(3) provides that "[t]he final determination of the Commissioner of Social Security" on an application for supplemental security income "shall be subject to judicial review as provided in section 405(g) of this title to the same extent as the Commissioner's final determinations under section 405 of this title."

[3] Though the docket indicates objections were due November 30, 2020, they were actually due December 1, 2020.  Objections are due "[w]ithin 14 days after being served with a copy of the recommended disposition."  Fed. R. Civ. P. 72(b)(2).  A paper is served when it is sent "to a registered user by filing it with the court's electronic-filing system."  *Id*. 5(b)(2)(E).  Here, the R&R was served by being entered on the Court's e-filing system on November 17, 2020.

Subpart P. Appendix 1.  R. 19.  Next, he found that Joseph had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b) and § 416.967(b), although he was unable to climb ladders, ropes, or scaffolds; he was limited to occasional stooping, crouching, crawling, and climbing stairs or ramps; and he needed to avoid exposure to concentrated respiratory irritants.  R. 21.  At step four, the ALJ found that Joseph was unable to perform his past relevant work.  R. 22.  At step five, he found that, considering Joseph's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that he could perform.  R. 23.  Accordingly, the ALJ found that Joseph was not disabled.  R. 24.

### III.    Appeals Council

Joseph requested that the Appeals Council review the ALJ's decision and submitted additional evidence—medical records dated November 7, 2018 to November 27, 2018 and March 13, 2019 to April 15, 2019.  R. 1–2.  The Appeals Council denied Joseph's request for review, finding that because the records were made after the ALJ's October 31, 2018 decision, they did not relate to the period at issue.  R. 1–2.

## DISCUSSION

### I.    Legal Standards

When a matter dispositive of a party's claim or defense is referred to a magistrate judge, the magistrate judge will "enter a recommended disposition, including, if appropriate, proposed findings of fact."  Fed. R. Civ. P. 72(b)(1).  A party may file written objections to the R&R within fourteen days of its service.  *Id*. 72(b)(2).  The district judge will then "determine de novo any part of the magistrate judge's disposition that has been properly objected to."  *Id*. 72(b)(3).

Any unobjected portions will be reviewed for clear error only. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

In cases in which an ALJ has denied social security benefits to the plaintiff, the court "will uphold [the] ALJ's decision as long as the ALJ applied the correct legal standard, and substantial evidence supports the decision." *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation marks omitted). While the ALJ "is not required to provide a complete and written evaluation of every piece of testimony and evidence," he "must build a logical bridge from the evidence to his conclusion." *Minnick v. Colvin*, 775 F.3d 929, 935 (7th Cir. 2015) (quotation marks omitted). The court reviewing the ALJ's decision will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] own judgment for that of the Commissioner" but must nevertheless "conduct a critical review of the evidence." *McKinzey v. Astrue*, 641 F.3d 884, 889 (7th Cir. 2011) (quotation marks omitted).

## II. Analysis

### a. Identification of Issues

At summary judgment, Joseph argued first that the ALJ erred in finding that Joseph's testimony was inconsistent with the medical record and in failing to connect the medical evidence with the RFC he found Joseph to have, Pl.'s Mem. Supp. Mot. Summ. J. 12, ECF No. 11, and second, that the Commissioner erred in failing to consider new and material evidence submitted to the Appeals Council—namely, MRI evidence from November 2018, *id.* at 30.[4] The

---

[4] While Joseph also submitted additional medical records dated March 13, 2019 to April 15, 2019 to the Appeals Council, which it found not to relate to the period at issue, R. 2, Joseph argued at summary judgment only that the Appeals Council erred in declining to consider the medical records dated November 7, 2018 to November 27, 2018,

4

Commissioner contended that the ALJ reasonably assessed Joseph's functional limitations and properly evaluated his subjective symptoms. Def.'s Mem. Supp. Mot. Summ. Affirmance 3–8, ECF No. 14-1. Regarding the November 2018 MRI evidence, the Commissioner argued that "there is no basis for the Court to review [the Appeals Council's] discretionary decision" to reject the evidence, but that even if it was reviewable, the Appeals Council's determination that the evidence was not time-relevant was reasonable. *Id*. at 10.

Judge Hawley finds that the ALJ did not err in his evaluation of Joseph's subjective symptoms or in his assessment of Joseph's RFC. R&R 11. However, after deciding that the Appeals Council's decision to reject the November 2018 MRI evidence was reviewable, Judge Hawley recommends remanding to the agency because the Appeals Council erred in declining to consider this additional evidence, and the error was not harmless. *Id*. at 13–16. Neither party objects to Judge Hawley's recommendation regarding the ALJ's subjective symptom evaluation and RFC assessment, and having reviewed the motions, record, and R&R, the Court finds that these portions of the R&R are not clearly erroneous. As the Commissioner objects to Judge Hawley's recommendation that the case should be remanded because the Appeals Council's rejection of the November 2018 MRI evidence was not harmless error, *see* Obj. 1–3, the Court will address this issue in greater depth.

### b. Additional Evidence

The Appeals Council will review a case if, among other circumstances, it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); *id*. § 416.1470(a)(5). The Appeals

---

Pl.'s Mem. Supp. Mot. Summ. J. 33. Thus, the Court's analysis of the additional evidence provided to the Appeals Council is limited to the November 2018 records.

5

Council here denied Joseph's request for review because, as the ALJ decided the case through October 31, 2018 and the additional records submitted by Joseph were dated November 7, 2018 to November 27, 2018 (and March 13, 2019 to April 15, 2019), the Appeals Council concluded that the "additional evidence d[id] not relate to the period at issue" and therefore "d[id] not affect the decision about whether [Joseph] w[as] disabled beginning on or before October 31, 2018." R. 1–2. At summary judgment, Joseph argued that it was "clear that the impairments observed on the [November 2018] MRI did not arise in the one week following the ALJ[']s decision and that therefore the impairments revealed in that MRI must necessarily have arisen prior to the date of the ALJ[']s decision." Pl.'s Mem. Supp. Mot. Summ. J. 31. The Commissioner, rather, asserted that, even if the Court could review the Appeals Council's decision, "the Appeals Council did not commit any legal error in finding that it was not definitively related to the period at issue." Def.'s Mem. Supp. Mot. Summ. Affirmance 10.

Judge Hawley first determines that the Appeals Council's decision to reject the additional evidence is reviewable. R&R 13–14. He then finds that the November 2018 MRI evidence did relate to the period at issue and that, as such, the Appeals Council should have considered it. *Id*. at 14–15.[5] Finally, he concludes that the Appeals Council's error in failing to consider the evidence was not harmless as to Joseph's SSI claim because there is a reasonable probability that it would change the outcome of the ALJ's decision: the ALJ had found that Joseph's spinal column problems did not meet a listing based on the evidence of only mild spinal issues and had used the fact that he had received only conservative medical treatment as a reason to reject

---

[5] In coming to this conclusion, Judge Hawley notes that the MRI examination occurred one week after the ALJ's decision was issued and the doctor's treatment note is dated less than a month later and further points out that the fact that the MRI impression was of "*degenerative* disk disease" indicates that these changes occurred over a period of time longer than the single week between the ALJ's decision and the MRI examination. R&R 14 (emphasis added) (quoting R. 38).

6

Joseph's allegations as to the extent of his physical limitations, while the November 2018 MRI indicated "severe canal stenosis" and led the reviewing doctor to recommend epidural injections for pain management. *Id*. at 15–16.

In his objection, the Commissioner argues only that the R&R incorrectly concludes that the additional evidence has a reasonable probability of changing the ALJ's decision. Obj. 1, 4. He does not object to Judge Hawley's determination that the Appeals Council's decision was reviewable or that the November 2018 MRI evidence related to the period at issue; the Court has reviewed these portions of the R&R and finds no clear error. Thus, the Court will review de novo only the portion of the R&R addressing whether the Appeals Council's rejection of the additional evidence was harmless error.[6]

While the relevant regulations provide that, for the Appeals Council to review a case based on additional evidence, such evidence must be both "material" and of such a kind that there is a reasonable probability that the ALJ would come to a different decision after considering it, 20 C.F.R. § 404.970(a)(5); *id*. § 416.1470(a)(5), district courts evaluating this issue have found that "there is no substantive difference between those separate requirements," *Teresa F. v. Saul*, No. 1:18-cv-01967-JRS-MPB, 2019 WL 2949910, at *9 (S.D. Ind. July 9, 2019); *see also Musonera v. Saul*, 410 F. Supp. 3d 1055, 1060 (E.D. Wis. 2019) (noting that the "reasonable probability" clause "basically restates the definition of the term 'material'"). The Seventh Circuit has found that additional evidence is material where "the ALJ's decision

---

[6] Judge Hawley notes that at summary judgment, the Commissioner argued only that the November 2018 MRI evidence was not time-relevant, making no argument as to the materiality of that evidence and failing to address whether there was a reasonable probability the additional evidence would have resulted in a different decision by the ALJ. R&R 14–15. The R&R then suggests, by citing to a case that discusses waiver, that this means the Commissioner has waived any materiality or reasonable probability argument. *Id*. at 15 (citing *Delapaz v. Richardson*, 634 F.3d 895, 900 (7th Cir. 2011) (failure to address an argument results in a waiver of the issue)). Nonetheless, in the interest of completeness, the Court will review de novo Judge Hawley's conclusion that the Appeals Council's rejection of the additional evidence was not harmless error because there is a reasonable probability that the ALJ would have come to a different decision if he had reviewed the evidence.

unequivocally rest[ed] in part on the determination that there [was] no evidence that [a] . . . diagnosis ha[d] been confirmed" and the "new evidence fill[ed] in that evidentiary gap by providing exactly that confirmation," which could change the ALJ's assessment of the applicant's RFC, *Farrell v. Astrue*, 692 F.3d 767, 771–72 (7th Cir. 2012) (quotation marks omitted), and where "the ALJ's decision rested—in large part—on the conclusion that [the applicant's] condition had improved over the course of the adjudicative period" and the additional evidence "undermine[d] that position," *Stepp v. Colvin*, 795 F.3d 711, 725–26 (7th Cir. 2015).[7]

In this case, the ALJ concluded that Joseph "d[id] not display the signs and symptoms of a disabling spinal column disorder" because "the evidence d[id] not show that [Joseph] ha[d] nerve root compression with radiculopathy, spinal arachnoiditis, or severe lumbar spinal stenosis with pseudoclaudication as required by section 1.04 of the listing of impairments." R. 20. He cited to radiographic imaging from December of 2016 which "showed only very mild bilateral

---

[7] At the time these cases were decided, 20 C.F.R. § 404.970(b) (effective Feb. 9, 1987 to Jan. 16, 2017) stated:

> If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record[,]

and 20 C.F.R. § 416.1470(b) (effective Feb. 9, 1987 to Jan. 16, 2017) provided:

> In reviewing decisions based on an application for benefits, if new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. . . . It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record.

Though neither of these regulations include the "reasonable probability" language, because courts treat the "reasonable probability" clause in the current version of the regulations as a restatement of the definition of "material," *see Musonera*, 410 F. Supp. 3d at 1060, the Court will use the Seventh Circuit's explanations of materiality in these cases as explanations of how this Court should evaluate whether there is a "reasonable probability" that the ALJ would come to a different decision in the case at hand.

sacroiliac joint osteoarthritis." R. 20. In contrast, the November 2018 MRI impression was of "[m]ultilevel lumbar degenerative disk disease with a new [as compared to the prior study] L4-L5 disk protrusion resulting in severe canal stenosis," R. 38, and the doctor reviewing the MRI noted "multi level degenerative changes and stenosis" and "L4-5 disk herniation with severe stenosis," R. 35. As such, the ALJ's finding that the evidence did not show severe spinal stenosis is undermined by the MRI impression of severe stenosis, which "fills in that evidentiary gap by providing exactly that confirmation," *see Farrell*, 692 F.3d at 771. Additionally, in addressing Joseph's allegations of his physical limitations, the ALJ determined that the RFC assigned to Joseph adequately accounted for his symptoms, in part because he had been "generally treated with conservative measures." R. 22. However, the doctor reviewing the November 2018 MRI "recommended sending [Joseph] to pain management for epidural injections," R. 35, suggesting a need for more active treatment and contradicting the ALJ's finding.

As a final note, the Court has reviewed the medical records provided to the ALJ and finds that the November 2018 MRI evidence is not duplicative of medical evidence previously received by the ALJ. *Cf. Teresa F.*, 2019 WL 2949910, at *9 (finding that new medical evidence did not show a reasonable probability of changing the ALJ's decision because it was "not substantially different than the evidence that was analyzed by the ALJ").

The Court finds that there is a reasonable probability that the November 2018 MRI evidence would change the outcome of the ALJ's decision and that therefore the Appeals Council's error in declining to consider the new evidence was not harmless. Accordingly, this case is remanded to the agency for consideration of the November 2018 MRI evidence.

## CONCLUSION

For the foregoing reasons, Defendant Commissioner of the Social Security Administration Andrew Saul's ("the Commissioner") objection, ECF No. 16, is OVERRULED, and Magistrate Judge Jonathan E. Hawley's Report and Recommendation, ECF No. 15, is ADOPTED.  Plaintiff Joseph R.'s Motion for Summary Judgment, ECF No. 10, is GRANTED, and the Commissioner's Motion for Summary Affirmance, ECF No. 14, is DENIED.  Pursuant to the fourth sentence of 42 U.S.C. § 405(g), the Commissioner's decision denying Joseph benefits is REVERSED, and the case is remanded for further proceedings consistent with this order.  The Clerk is directed to enter judgment and close the case.

Entered this 10th day of March, 2021.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
