UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| JOSEPH R., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 4:19-cv-04255-SLD-JEH |
| | ) |
| KILOLO KIJAKAZI,[1] | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Before the Court is Plaintiff Joseph R.'s initial motion for attorney's fees, ECF No. 19, and amended motion for attorney's fees, ECF No. 21. Joseph requests that the Court award him attorney's fees amounting to $3,454.50 pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court may award fees and expenses to a prevailing party in any civil action brought by or against the United States. For the following reasons, the initial motion is GRANTED IN PART, and the amended motion is GRANTED.

## BACKGROUND

Joseph filed this suit on December 20, 2019, seeking judicial review of the Acting Commissioner of Social Security's ("the Commissioner") final decision denying his claim for disability insurance benefits and supplemental security income. *See* Compl. 1, ECF No. 1. On June 1, 2020, Joseph filed a motion for summary judgment, ECF No. 10, and on August 10, 2020, the Commissioner filed a motion for summary affirmance, ECF No. 14. The Court granted Joseph's motion for summary judgment, denied the Commissioner's motion for summary affirmance, reversed the Commissioner's decision, and remanded the case back to the

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kilolo Kijakazi, Acting Commissioner of Social Security, is substituted for her predecessor. The Clerk is directed to update the docket accordingly.

Commissioner for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g). March 10, 2021 Order 10, ECF No. 17. Judgment was entered on March 10, 2021, ECF No. 18. Joseph filed the initial motion for attorney's fees on June 3, 2021, and on October 18, 2021, in response to a text order entered by the Court, *see* Oct. 4, 2021 Text Order, he filed the amended motion for attorney's fees, correcting the amount of attorney's fees sought.

## DISCUSSION

### I.   Attorney's Fees Under the EAJA

Under the EAJA, a successful litigant against the federal government is entitled to recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's position was not "substantially justified"; (3) there exist no special circumstances that would make an award unjust; and (4) he filed a timely application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Joseph is a "prevailing party" within the meaning of the EAJA by virtue of having had judgment entered in his favor and his case remanded to the Commissioner for further review. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex. State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

The next question is whether Joseph's request for attorney's fees is timely. Section 2412(d)(1)(B) requires that a party seeking an award of fees submit to the court an application for fees and expenses within 30 days of final judgment in the action. The term "final judgment"

refers to judgments entered by a court of law, not the decisions rendered by an administrative agency. *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991). Moreover, in Social Security cases involving a remand, the filing period for attorney's fees does not begin tolling until the judgment is entered by the court, the appeal period has run, and the judgment has thereby become unappealable and final. *Id.* at 102; *Schaefer*, 509 U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended."). Here, the judgment was entered on March 10, 2021, and Joseph filed the initial motion for attorney's fees on June 3, 2021, 85 days after the judgment. Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B), followed by the 30-day allowance in accordance with Section 2412(d)(1)(B), meaning that Joseph had 90 days from entry of judgment to make an EAJA application. Because Joseph's initial motion for attorney's fees falls within this window, the Court finds his request is timely.

The next issue is whether the government's position was "substantially justified." Attorney's fees may be awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked substantial justification. *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). For the Commissioner's position to have been substantially justified, it must have had reasonable factual and legal bases and a reasonable connection between the facts and her legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006). Critically, the Commissioner has the burden of proving that her position was substantially justified. *Golembiewski*, 382 F.3d at 724 (citing *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)). Here, Joseph's request for attorney's fees is unopposed by the Commissioner. *See* Not. No Opp'n 1, ECF No. 20; Am. Not. No Opp'n 1, ECF No. 22. The Commissioner thus cannot be

3

said to have met her burden of establishing that both her litigation position and her pre-litigation conduct were substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees unjust. Therefore, Joseph is entitled to recover reasonable attorney's fees under the EAJA.

## II. Reasonableness of Joseph's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by multiplying the appropriate number of hours worked by a reasonable hourly rate. *Id.* at 433. The rate is calculated with reference to prevailing market rates and capped at $125 per hour unless the court determines that "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate. 28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate need not offer either (1) proof of the effects of inflation on the particular attorney's practice or (2) proof that no competent attorney could be found for less than the requested rate. Instead, an EAJA claimant may rely on a general and readily available measure of inflation such as the Consumer Price Index, as well as proof that the requested rate does not exceed the prevailing market rate in the community for similar services by lawyers of comparable skill and experience. An affidavit from a single attorney testifying to the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

In order to determine the appropriate number of hours worked, the Court turns to Joseph's counsel's itemization of hours. Corrected Itemization of Hours 1–2, ECF No. 21-1. The itemization shows that Joseph's attorneys worked for 18.8 hours on his case. *Id.* The Court finds that all 18.8 hours spent on this case were appropriately billed. *Cf. Kinsey-McHenry v.*

4

*Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014) (noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social Security appeal reasonable).

Joseph asserts that his attorney's work should be compensated at an hourly rate of $183.75. Mot. Att'y Fees 1; Am. Mot. Att'y Fees 1. To justify the requested rate, he points to the change in the consumer price index ("CPI") for all consumers nationwide[2] between the time Congress set the rate cap at $125 per hour (March 1996) and the CPI in January of 2015.[3] Mem. Supp. Mot. Att'y Fees 5–6, ECF No. 19-1. His attorneys affirm that the requested hourly rate is lower than rates that would be considered reasonable. *See* DePree Aff. 1, ECF No. 19-4 (attesting that an hourly rate of $350.00 is reasonable for an attorney with similar qualifications and skills, based on his "experience with other attorneys in relate[d] fields, the Laffrey Matrix adjusted for local pay differential, the UASO adjusted locality pay differential and the CPI-U"); Keller Aff. 1, ECF No. 19-5 (attesting that $250.00 per hour is a reasonable rate for an attorney with similar qualifications and skills).

The Court finds that an increase above the statutory $125 ceiling is warranted both by the change in the CPI and by the assurances contained in Joseph's attorneys' affidavits that the rate of compensation sought is not excessive. To determine what fee increase above the statutory ceiling may be authorized, courts look to the ratio of the CPI at the time legal services were

---

[2] There is some confusion in the case law over whether courts should use a regional CPI or the national CPI. *See*, *e.g.*, *Jensen v. Berryhill*, 343 F. Supp. 3d 860, 865–67 (E.D. Wis. 2018) (noting that district courts in the Seventh Circuit have used both the national and regional CPIs). While Joseph does not explicitly state whether his calculations use a regional CPI or the national CPI, the Court presumes that he intends to use the national CPI because he states that the CPI for March 1996 was 155.7, which was the national figure, and he does not otherwise identify a specific region's CPI he believes should be used. *See* Mem. Supp. Mot. Att'y Fees 5–6. The Court follows Joseph's lead and uses the national CPI.

[3] Work on this case took place between November 2019 and June 2021. *See* Corrected Itemization of Hours 1–2. No explanation is given as to why the movant chose January 2015 as his point of reference when computing attorney's fees.

5

rendered to the CPI at the time the current statutory limit of $125 was set (March 1996). The $125 limit is multiplied by this ratio to determine the proportional change in rate. *See*, *e.g.*, *Booker v. Colvin*, No. 09 C 1996, 2013 WL 2147544, at *6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*, No. 11 C 2718, 2012 WL 6186823, at *5 (N.D. Ill. Dec. 12, 2012).

Most of the work in this case was performed between November 2019 and June 2021. The average CPI during that period, calculated using the CPI of every month from November 2019 to June 2021, is 260.8667. *See* U.S. Bureau of Labor Statistics, CPI for All Urban Consumers (CPI-U), https://data.bls.gov/timeseries/CUUR0000SA0?amp%253bdata_tool=XGtable&output_view=data&include_graphs=true (change output option to from 1996 to 2021) (last visited Dec. 2, 2021). As the CPI in March 1996 was 155.7, *id.*, the CPI had increased by a factor of 1.6754. By applying this ratio to the formula described in the preceding paragraph, an increase of the $125 statutory cap to $209.43 is warranted. This exceeds the hourly rate sought, and the Court thus finds that an hourly rate of $183.75 is reasonable. Using that rate, the total amount of attorney's fees for the 18.8 hours of work Joseph's attorney performed is $3,454.50, which is the amount sought. *See* Am. Mot. Att'y Fees 1. This amount is reasonable. *See*, *e.g.*, *Miller v. Comm'r Soc. Sec.*, CAUSE NO. 1:16-cv-00122-SLC, 2018 WL 5668934, at *3, *5 (N.D. Ind. Nov. 1, 2018) (awarding an hourly rate of $190.00 for a total of $11,457.00 in fees and collecting cases approving similar rates).

## CONCLUSION

Accordingly, the initial motion for attorney's fees, ECF No. 19, is GRANTED IN PART, and the amended motion for attorney's fees, ECF No. 21, is GRANTED. Plaintiff Joseph R. is awarded $3,454.50 in EAJA fees. This amount may be offset to satisfy any pre-existing debt

that Joseph owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). If Joseph provides a valid assignment of fees[4] and the Commissioner can verify that Joseph does not owe a pre-existing debt to the United States subject to offset, the Commissioner shall direct payment of the award to Joseph's attorney. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If Joseph does owe a pre-existing debt subject to offset in an amount less than the EAJA award, the Commissioner will instruct the U.S. Department of the Treasury that any check for the remainder after offset be made payable to Joseph and mailed to the business address of Joseph's attorney.

      Entered this 17th day of December, 2021.

s/ Sara Darrow<br>SARA DARROW<br>CHIEF UNITED STATES DISTRICT JUDGE

---

[4] Joseph attaches an attorney fee contract, but the Court reads it to apply only to fees for work done at the administrative level, not in federal court. *See* Att'y Fee Contract, ECF No. 19-3 ("If the attorney appeals my case to Federal Court, I agree that there will be a different fee agreement I will have to sign.").